**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4307**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN MANUEL RAMIREZ-GARCIA,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CR-03-300)

─────────────

Submitted:  June 30, 2005          Decided:  August 23, 2005

─────────────

Before MICHAEL, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Juan Manuel Ramirez-Garcia appeals his seventy-seven month sentence imposed after his guilty plea to illegal reentry after sustaining a conviction for an aggravated felony. On appeal, he contends that the district court's adjustment of his offense level under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2003) violated the Sixth Amendment under the reasoning of United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

In Booker, the Supreme Court held that the mandatory manner in which federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750. Ramirez-Garcia contends that the § 2L1.2 offense level increase violated Booker because the relevant judicial findings were not proven beyond a reasonable doubt. The judicial finding required to apply the guideline adjustment was that Ramirez-Garcia was previously convicted of a drug trafficking offense for which he was sentenced to longer than thirteen months imprisonment. Because Ramirez-Garcia did not object below on the basis of the Sixth Amendment, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

In general, sentencing enhancements based on prior convictions may be determined by the district court and need not be charged in the indictment or proven beyond a reasonable doubt. See

- 2 -

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Ramirez-Garcia does not dispute that prior convictions are exceptions to the *Booker* framework. Instead, he contends that the district court here did more than just find that he had a prior conviction; the court also found that the conviction was one for drug trafficking and that a certain length sentence had been imposed.

While certain factual findings regarding prior convictions raise Sixth Amendment concerns, see *United States v. Washington*, 404 F.3d 834, 841-43 (4th Cir. 2005), the disputed issues in this case do not rise to that level. Because any disputed issues in the instant case could be resolved by reference to the relevant indictment and judgment and did not require review of anything outside the record, the district court's findings regarding the nature of the prior convictions were proper. See *Shepard v. United States*, 125 S. Ct. 1254, 1262-63 (2005) (holding that district courts are permitted to decide disputed issues of fact regarding prior convictions for sentencing purposes, as long as the dispute can be resolved by reference to the judicial record).

Accordingly, we find that there was no error in sentencing Ramirez-Garcia under § 2L1.2. Thus, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -